**MANNING CURTIS BRADSHAW & BEDNAR PLLC**
Chad R. Derum #9452
  cderum@mc2b.com
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone:  801.363.5678
Facsimile:  801.364.5678

**HOLLAND & KNIGHT LLP**
Paul Bond (*pro hac vice forthcoming*)
  paul.bond@hklaw.com
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone:  215.252.9535

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BARBARA JANSSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY VALLEY MEDICAL CENTER, LLC dba ASHLEY REGIONAL MEDICAL CENTER and ASHLEY REGIONAL MEDICAL GROUP,<br><br>Defendant. | **NOTICE OF REMOVAL**<br><br>Case No. 2:23-cv-00729-HCN<br><br>Judge Howard C. Nielson, Jr. |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Ashley Valley Medical Center, LLC ("Ashley Valley" or "Defendant") hereby files this Notice of Removal and removes this action, *Barbara Janssen, v. Ashley Valley Medical Center, LLC dba Ashley Regional Medical Center and Ashley Regional Medical Group*, No. 230800136 in the Eight District Court for Uintah County, Utah, where it is now pending, to the United States District Court for the District of Utah.

There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.[1] The grounds for removal are as follows.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On September 11, 2023, Plaintiff Barbara Janssen ("Plaintiff"), on behalf of herself and others purported to be similarly situated, filed a Complaint in the Eighth District Court for Uintah County, Utah in connection with Defendant's use of the Meta Pixel and other third-party tracking technologies on http://www.ashleyregional.org (the "Website"). The causes of action listed in the Complaint are (1) negligence, (2) negligence *per se*, (3) invasion of privacy; (4) breach of implied contract; (5) unjust enrichment; (6) breach of fiduciary duty;  (7) violation of the Utah Consumer Sales Practices Act; and (6) violation of the Utah Interception of Communications Act.

2. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers of every kind currently on file in the Eighth District Court for Uintah County, Utah are attached to this Notice of Removal as **Exhibit A**.

3. On September 12, 2023 Plaintiff served the Complaint on Defendant.  **Exhibit B**.

4. This Notice of Removal is timely as it has been filed within thirty days of service of the initial Complaint.  28 U.S.C. § 1446(b).

5. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the Eighth District Court for Uintah County, Utah.  As required by 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

---

[1] DLP Conemaugh Memorial Medical Center, LLC and DLP Conemaugh Physician Practices, two sibling entities of Defendant with the same parent company, Lifepoint Health, Inc., successfully removed a class action to federal court involving nearly identical claims as in the present action. *See Doe v. DLP Conemaugh Memorial Medical Center, LLC et al.*, No. 3:23-cv-00110-SLH. Dkt. 1 (W.D.Pa. June 6, 2023) (Notice of Removal); *Doe v. DLP Conemaugh Memorial Medical Center, LLC, et al.*, No. 3:23-cv-00110-SLH, 2023 WL 5993016 (W.D.Pa. Sept. 15, 2023) (denying plaintiff's motion to remand and finding defendants had properly removed to federal court) ("*Conemaugh Opinion*").

6. Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has stated claims upon which relief can be granted.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A. Complete Diversity

7. Congress has authorized the federal courts to exercise diversity jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(3).

8. Plaintiff is a citizen of the Utah. *See* Exhibit B, Complaint, ¶ 28.

9. Defendant is a Delaware limited liability company. *See* Declaration of Charlotte Lawrence ("Lawrence Declaration") ¶ 4, attached as **Exhibit D**. *See also* Exhibit B, Complaint, ¶¶ 29.

10. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419–20 (3d Cir.2010) (citing cases from eight circuits for the proposition that "every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship"). "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Watson v. XO Commc'ns Servs. LLC*, No. 2:17-CV-00156, 2018 WL 11266143, at *1 (D. Utah Aug. 10, 2018) (quoting *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015)) (internal quotations and citation omitted). *See also id.* (quoting *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("If even one of

[defendant]'s members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered").

11. The sole member of Ashley Valley is Lifepoint Hospitals Holdings, LLC, a Delaware LLC. *See* Lawrence Declaration at ¶ 4.

12. The sole member of Lifepoint Hospital Holdings, LLC is Historic Lifepoint Hospitals, LLC. *Id*. at ¶ 5.

13. Historic Lifepoint Hospitals, LLC is a Delaware LLC. The sole member of Historic Lifepoint Hospitals, LLC is Legacy Lifepoint Health, LLC. *Id*. at ¶ 6.

14. Legacy Lifepoint Health, LLC is a Delaware LLC. The sole member of Legacy Lifepoint Health, LLC is Lifepoint Health, Inc. *Id*. at ¶ 7.

15. Lifepoint Health Inc. is a Delaware corporation with a principal place of business in Brentwood, Tennessee. *Id.* at ¶ 8.

16. Accordingly, through its parent entities, Defendant is a citizen of Delaware and Tennessee for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). *See also Conemaugh Opinion* at *2 (tracing citizenship of defendant LLCs' parent entities to find defendants are citizens of Delaware, North Carolina, and Tennessee).

17. Because Plaintiff and Defendant are citizens of different States, complete diversity exists in this action. 28 U.S.C. ¶ 1332(a)(3).

   **B. Amount in Controversy**

18. Where, as here, the complaint does not specify an amount in controversy, a defendant seeking removal need only show by a preponderance of evidence that the relief

requested exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2); *Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The defendant need not provide exact calculation, rather a notice of removal "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold". *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).

19. In her Complaint, Plaintiff seeks an award of actual damages, compensatory damages, statutory damages, and statutory penalties under the Utah Interception of Communications Act, Utah Code Ann. § 77-23a-1 *et seq.* ("UICA") and the Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-2 *et seq.*, ("UCSPA"). Exhibit B, Complaint, *Prayer for Relief*.

20. In calculating the amount in controversy for purposes of 28 U.S.C. § 1332, a court may consider potential attorney's fees. *Van Der Hoek v. Ally Bank*, No. 2:21-CV-00320-DBB, 2021 WL 5086380, at *1 (D. Utah Nov. 2, 2021). *See also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337 (10th Cir. 1998) (considering potential recovery of attorney fees under New Mexico statutes). "[W]hen a statute permits recovery of attorney's fees[,] a reasonable estimate may be used in calculating the necessary jurisdictional amount...". *Evitt v. Durland*, 242 F.3d 388, 2000 WL 1750512, at *3 (10th Cir. 2000) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)) (internal quotations omitted).

21. Although Defendant does not concede that Plaintiff is entitled to attorney's fees, UICA mandates that the Court award attorney's fees to prevailing plaintiffs. *See* Utah Code Ann. § 77-23a-11(2)(c).

22. When calculating the amount in controversy, attorney's fees include potential fees to be incurred throughout the litigation. *See Reifenberger v. Autovest LLC*, No. 2:20-CV-571-

DAK-JCB, 2021 WL 212237, at *2 (D. Utah Jan. 21, 2021) (noting the test to determine the amount in controversy, including reasonable attorney's fees under plaintiff's statutory damages demand, "is not the sum ultimately found to be due, but the sum demanded in good faith.").

23. In the present case, the value of reasonable attorneys' fees through trial would alone meet the requirement. This estimation finds support in the fact that three separate law firms and six attorneys are representing Plaintiff.

24. The hourly rates of attorneys at each of Plaintiff's counsels' firms are as follows, as shown in the filing attached as **Exhibit E**. In 2016, the standard hourly billing rate for attorney Jason R. Hull at Marshall Olson & Hull was $290. *See Security Alarm Financing Enterprises, L.P. v. Alder Holdings, LLC, et al.*, Declaration of Erik A. Olson, ECF No. 438, No. 3:13-cv-00102 (D. Alaska 2016). In 2019, the hourly rate for attorneys at the law firm Cohen & Malad, LLP ranged from $575-675. *See Simerlein, et al. v. Toyota Motor Corporation, et al.*, Declaration of David Cutshaw, ECF No. 125-6, No. 3:17-cv-01091 (D. Conn. 2019). *See also Conemaugh Opinion* at *3 n. 3 (accepting $575-675 as the appropriate range of hourly rates for which to calculate attorney's fees from Cohen & Malad, LLP). In 2021, the hourly rate for attorneys at the law firm Stranch, Jennings & Garvey, PLLC ranged from $500-860. *See Eric Weiner v. Tivity Health, Inc.*, Declaration of Benjamin A. Gastel, Exhibit 1, ECF No. 172-4, No. 3:17-cv-01469 (M.D.Tenn. 2021). S*ee also Conemaugh Opinion* at *3 n. 3 (accepting $675-770 as the appropriate range of hourly rates for which to calculate attorney's fees from Stranch, Jennings & Garvey, PLLC).

25. In addition, a 2022 statistical survey of attorney rates in Salt Lake City estimates mean hourly rates ranging from $252-384. *See 2022 Real Rate Report: The legal industry's leading analysis of law firm rates, trends, and practices*, Wolters Kluwer (2022)*,* attached hereto

as **Exhibit F**. *See also Conemaugh Opinion* at *3 (finding appropriate defendant's calculation of estimated attorney's fees using the 2022 Real Rate Report).

26. In 2013, the National Center for State Courts published a study on the costs of litigation. *See* Paula Hannaford-Agor, "Measuring the Cost of Civil Litigation: Findings from a Survey of Trial Lawyers", VOIR DIRE (Spring 2013), attached hereto as **Exhibit G**. *See also Conemaugh Opinion* at *3 (finding appropriate defendant's calculation of estimated attorney's fees using the 2013 National Center for State Court study). This included the costs to initiate a case, complete discovery, attempt settlement, complete pre-trial motions, finish a trial, and engage in post-trial motions. At the 50th percentile, across a range of six basic types of cases, attorney and paralegal hours ranged from 196 hours to 472 hours, with a mean of 318.5 hours:

Table 2: Proportion of Attorney and Paralegal Hours per Stage of Litigation

| Litigation Task | Auto | | | Premises Liability | | | Real Property | | |
|---|---|---|---|---|---|---|---|---|---|
| Percentile | 25th | 50th | 75th | 25th | 50th | 75th | 25th | 50th | 75th |
| Initiate | 5% | 6% | 8% | 7% | 8% | 10% | 11% | 12% | 10% |
| Discovery | 18% | 21% | 21% | 18% | 19% | 21% | 22% | 22% | 21% |
| Settlement | 8% | 8% | 7% | 8% | 9% | 7% | 9% | 8% | 7% |
| Pretrial | 9% | 10% | 12% | 11% | 14% | 12% | 15% | 15% | 16% |
| Trial | 52% | 46% | 43% | 50% | 41% | 41% | 34% | 34% | 31% |
| Post-disposition | 8% | 8% | 9% | 8% | 8% | 9% | 10% | 9% | 14% |
| Total Hours | 95.6 | 196 | 361 | 120 | 218 | 364 | 162 | 284 | 493 |
| | Contract | | | Employment | | | Malpractice | | |
| Percentile | 25th | 50th | 75th | 25th | 50th | 75th | 25th | 50th | 75th |
| Initiate | 8% | 10% | 11% | 8% | 11% | 9% | 6% | 8% | 9% |
| Discovery | 24% | 24% | 24% | 20% | 21% | 21% | 23% | 25% | 25% |
| Settlement | 8% | 7% | 7% | 8% | 7% | 7% | 7% | 6% | 6% |
| Pretrial | 14% | 14% | 13% | 14% | 15% | 15% | 9% | 11% | 10% |
| Trial | 38% | 39% | 36% | 42% | 39% | 40% | 49% | 42% | 42% |
| Post-disposition | 8% | 8% | 9% | 8% | 7% | 9% | 6% | 7% | 8% |
| Total Hours | 187 | 367 | 623 | 201 | 374 | 625 | 256 | 472 | 786.4 |

*See also Conemaugh Opinion* at *3 (finding appropriate defendant's estimate of 318.5 hours as the average number of attorney and paralegal hours worked in a typical case).

27. The same study shows the breakdown of time among types of timekeepers:

| Table 3: Proportion of Total Litigation Time Expended by Senior Attorneys, Junior Attorneys and Paralegals | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 25th Percentile | | | 50th Percentile | | | 75th Percentile | | |
| | Senior Attorney | Junior Attorney | Paralegal | Senior Attorney | Junior Attorney | Paralegal | Senior Attorney | Junior Attorney | Paralegal |
| Automobile Tort | 45% | 35% | 20% | 39% | 40% | 22% | 37% | 38% | 25% |
| Premises Liability | 43% | 39% | 18% | 38% | 41% | 21% | 36% | 38% | 26% |
| Real Property | 36% | 46% | 18% | 36% | 42% | 22% | 35% | 44% | 21% |
| Employment | 42% | 41% | 18% | 41% | 39% | 20% | 42% | 40% | 18% |
| Contract | 43% | 40% | 17% | 38% | 40% | 22% | 36% | 41% | 24% |
| Malpractice | 46% | 34% | 20% | 43% | 35% | 22% | 41% | 36% | 23% |

At the 50th percentile, averaging across all six case types, senior attorney time is 39% of all time. That means for the average basic case of 318.5 hours, senior attorney time is 124 hours. At the $384 an hour rate that is average in Salt Lake City for litigation partners, that amounts to $47,616 just for the senior attorney time component of fees.

28. At the 50th percentile, averaging across all six case types, junior attorney time is 40% of all time. That means for the average basic case of 318.5 hours, junior attorney time is 127 hours. At the $252 an hour rate that is average in Salt Lake City for litigation associates, that amounts to $32,004 just for the junior attorney time component of fees.

29. Adding senior attorney time and junior attorney time amounts to $79,620. This does not even account for paralegal time, which is billable at a much lower rate for which no reliable study was found. "At the 50th percentile, paralegal staff consistently account for 20% to 22% of the total hours expended in litigation for all case types." *Id.* at 27.

30. In addition, Plaintiff's claim under UICA increases the amount in controversy under the federal removal analysis. Under UICA, a successful plaintiff may recover "$100 a day for each day of violation, or $10,000, whichever is higher." Utah Code Ann. § 77-23a-11(3)(b)(ii). The statute of limitations for UICA is two years. *See* Utah Code Ann. § 77-23a-11(5). The Meta Pixel has existed on the Website since May 7, 2021, well over two years from the filing of the Complaint. *See* Declaration of Jim Vint ("Vint Decl.") ¶ 4, attached as **Exhibit H**. Assuming

Plaintiff alleges two years of violations under UICA, the amount in controversy of this case is increased by $100 per day times two years at 365 days a year, or $73,000.

31. Further, the UCSPA grants successful plaintiffs a recovery of "actual damages or $2,000, whichever is greater" in addition to court costs. Utah Code Ann. § 13-11-19(2). For the purposes of this removal, Defendant assumes $2,000 in statutory damages under UCSPA.

32. Finally, Plaintiff also seeks three years of credit monitoring services. Exhibit B, Complaint, *Prayer for Relief*. The price of credit monitoring services ranges from $20-30 per month. *See* TransUnion, https://www.transunion.com/credit-monitoring (citing monthly rate of $29.95 per month); Experian, https://www.experian.com/consumer-products/compare-identity-theft-products.html (citing monthly rate of $24.99 per month); Equifax, Inc., https://www.equifax.com/personal/products/credit/monitoring-and-reports/ (citing monthly rate of $19.95 per month). The price of three years of credit monitoring increases the amount in controversy by between $718 and $1,078.

33. The total amount in controversy in this case easily exceeds $75,000: (1) $79,620 in fees for an average case at average Salt Lake City litigator rates plus (2) $75,000 in statutory damages sought plus (3) at least $718 for three years of credit monitoring services equals $155,338. Again, Defendant denies that Plaintiff will actually recover any of this, but Plaintiff has put it in controversy.

WHEREFORE, Defendant removes this action now pending against it in the Eighth District Court for Uintah County, Utah.

Dated:  October 12, 2023

        Respectfully Submitted,

        */s/ Chad R. Derum*
        Chad R. Derum
        Manning Curtis Bradshaw & Bednar PLLC
        201 South Main Street, Suite 750
        Salt Lake City, Utah 84111
        Tel: 801-363-5678
        Fax: 801-364-5678
        cderum@mc2b.com

        Paul Bond (*pro hac vice forthcoming*)
        Holland & Knight LLP
        1650 Market Street, Suite 3300
        Philadelphia, PA 19103
        Tel: 215-252-9535
        paul.bond@hklaw.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Chad R. Derum, hereby certify that on the date set forth below, I caused a copy of the foregoing Notice of Removal to be served upon counsel of record via electronic mail and overnight mail unless otherwise indicated.

| | |
|---|---|
| Jason R. Hull<br>Marshall Olson & Hull, PC<br>Ten Exchange Place, Suite 350<br>Salt Lake City, Utah 84111<br>jhull@mohtrial.com<br>(801) 456-7655<br><br>*Attorneys for Plaintiff and the Proposed Class* | J. Gerard Stranch, IV<br>Andrew E. Mize<br>Stranch, Jennings & Garvey, PLLC<br>The Freedom Center<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN  37203<br>gstranch@stranchlaw.com<br>amize@stranchlaw.com<br>(615) 254-8801<br><br>*Attorneys for Plaintiff and the Proposed Class* |
| Lynn A. Toops<br>Amina A. Thomas<br>Mary Kate Dugan<br>Cohen & Malad, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN  46204<br>ltoops@cohenandmalad.com<br>athomas@cohenandmalad.com<br>mdugan@cohenandmalad.com<br>(317) 636-6481<br><br>*Attorneys for Plaintiff and the Proposed Class* | |

Dated:  October 12, 2023          */s/ Chad R. Derum*
                                                                 Chad R. Derum